1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

13

14

15

16

E.J. CROWELL,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

Defendant.

CASE NO.  10cv5516-RBL-JRC

REPORT AND RECOMMENDATION

Noted for June 10, 2011

17

18

19

20

This matter has been referred to United States Magistrate Judge J. Richard Creatura
pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as
authorized by Mathews, Secretary of  H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976).  This
matter has been fully briefed. (See ECF Nos. 17, 18, 21.)

21

22

23

24

25

26

After considering and reviewing the record, the undersigned finds that ALJ Bauer failed
to evaluate properly the lay statement from Ms. Kathy Glen and failed to consider properly the
medical evidence, specifically the opinion by medical expert Dr. Thomas McKnight and the
100% disability determination by the U.S. Department of Veterans Affairs in September, 1999.
For these reasons, the undersigned recommends that this matter be reversed and remanded to the
administration for further consideration.

BACKGROUND

Plaintiff E. J. CROWELL was thirty-seven years old on the date of her alleged disability onset. She attended approximately two years of college (Tr. 151). Plaintiff completed training as a dental lab technician in September, 1992 (Tr. 152), and has work experience as a cook from 1994 until 1997 (Tr. 147). She also was self-employed in janitorial services from 1997 until 1999 (Tr. 147).

PROCEDURAL HISTORY

On May 19, 2005, Plaintiff filed an application for Disability Insurance Benefits (Tr. 74-78). She alleged disability onset of August 1, 1994 due to Post Traumatic Stress Disorder (hereinafter "PTSD"), insomnia, abdominal scar tissue, depression, a spinal disc fracture, cervical spine osteoarthritis and disc bulging (Tr. 146-53). When she applied for benefits, her interviewer noted that plaintiff was "concerned that other people were using her social security number and stated several time[s] that she was afraid for her life" because she testified against an officer while in the military (Tr. 144). Because of these concerns, she has changed her name "many times" (id.). She indicated that her medical records are unavailable "because they are supposedly lost. She feels that the [U.S. Department of Veterans Affairs, (hereinafter "VA")], has lost her medical records on purpose for a cover-up issue" (id.).

After her initial filing, plaintiff amended her alleged onset date to January 1, 2000 (see Opening Brief, ECF No. 17, p. 2; see also, Defendant's Brief, ECF No. 18, p. 3). Her application was denied on August 19, 2005 (Tr. 52-55). Her requested hearing was held on October 30, 2006 before Administrative Law Judge Joseph F. Gibbons (hereinafter "ALJ Gibbons") (Tr. 556-88). On January 3, 2007, ALJ Gibbons issued a written decision finding that plaintiff was not under a

1   disability through December 31, 2001, the date she was last insured (Tr. 37-48). Plaintiff sought

2   judicial review of this decision (see Tr. 609-20).

3         On December 16, 2008, U.S. Magistrate Judge Karen L. Strombom (hereinafter "Judge

4   Strombom") issued a Report and Recommendation regarding plaintiff's request for review of the

5   January 3, 2007 decision by ALJ Gibbons (see id.). Judge Strombom recommended reversal and

6   remand of the matter to the administration for further consideration based on plaintiff's

7   arguments, i.e., that ALJ Gibbons erred in his evaluation of a disability finding by the VA and

8   erred in finding plaintiff capable of performing her past relevant work (Tr. 610). U.S. District

9   Judge Franklin D. Burgess adopted the Report and Recommendation by Judge Strombom on

10   January 20, 2009 (Tr. 621).

11         On remand, a new hearing was held before ALJ John Bauer, (hereinafter "ALJ Bauer").

12   Plaintiff was not allowed to testify at this hearing (Tr. 632-642, 659-68, 864, 859-86). Among

13   other things, plaintiff objected at the hearing, and in writing afterwards, regarding her inability to

14   testify at her new remand hearing (Tr. 664-68, 866). Medical expert Dr. Thomas McKnight

15   testified at this hearing (Tr. 867-78). He testified that "in order to provide any information about

16   her relatively current level of functioning, we need a proper examination and we don't have that"

17   (Tr. 869).

18         On July 23, 2009, ALJ Bauer issued a written decision in which he found plaintiff not

19   under a disability "at any time from August 1, 1994, the alleged onset date, through December

20   31, 2001, the date last insured" (Tr. 608). In reaching this decision, ALJ Bauer adopted a number

21   of findings from the January 3, 2007 written decision by ALJ Gibbons (see Tr. 606-08).

22   Plaintiff's written exceptions to ALJ Bauer's July 23, 2009 decision (see Tr. 594-96) were

rejected on May 24, 2010, making the July 23, 2009 decision the final decision of defendant

Commissioner subject to judicial review (see Tr. 589-91).

On July 22, 2010, plaintiff filed a complaint seeking judicial review of the written

decision by ALJ Bauer (see ECF No. 1). In her opening brief, plaintiff contends, among other

things[1], that ALJ Bauer erred when he failed to address the lay statement from Ms. Kathy Glen

and failed to consider properly the medical expert opinion by Dr. Thomas McKnight (see ECF

No. 17, pp. 1-2, 9-12). Plaintiff also contends that ALJ Bauer erred in failing to allow plaintiff to

testify at her new hearing (see id., p. 1).

STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security

Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (citing

Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)). The Act defines disability as the

"inability to engage in any substantial gainful activity" due to a physical or mental impairment

"which can be expected to result in death or which has lasted, or can be expected to last for a

continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that

plaintiff is unable to do previous work, and cannot, considering plaintiff's age, education, and

work experience, engage in any other substantial gainful activity existing in the national

economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094,

1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this court may set aside the Commissioner's denial of

social security benefits if the ALJ's findings are based on legal error or not supported by

---

[1] See infra, p. 9.

REPORT AND RECOMMENDATION - 4

substantial evidence in the record as a whole. <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing* <u>Tidwell v. Apfel</u>, 161 F.3d 599, 601 (9th Cir. 1998)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting* <u>Davis v. Heckler</u>, 868 F.2d 323, 325-26 (9th Cir. 1989)); <u>see</u> <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).

DISCUSSION

1. <u>ALJ Bauer erred when he failed to address the lay statement from Ms. Kathy Glen.</u>

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." <u>Stout v. Commissioner, Social Security Administration</u>, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing* <u>Dodrill v. Shalala</u>, 12 F.3d 915, 919 (9th Cir. 1993)). Lay witness testimony "is competent evidence and 'cannot be disregarded without comment.'" <u>Bruce v. Astrue</u>, 557 F.3d 1113, 1115 (9th Cir. 2009) (*quoting* <u>Van Nguyen v. Chater</u>, 100 F.3d 1462, 1467 (9th Cir. 1996)). The ALJ must expressly determine to disregard such testimony and gives reasons germane to each witness for doing so. <u>Bruce</u>, <u>supra</u>, 557 F.3d at 1115; <u>Lewis v. Apfel</u>, 236 F.3d 503, 511 (9th Cir. 2001); <u>Van Nguyen</u>, <u>supra</u>, 100 F.3d at 1467 (*citing* <u>Dodrill</u>, <u>supra</u>, 12 F.3d at 919).

According to the Ninth Circuit, an ALJ may not rely on a witness' relationship or financial interest as a reason to discredit his or her testimony. <u>Valentine v. Comm'r SSA</u>, 574 F.3d 685, 694 (9th Cir. 2009). In addition, contrary to defendant's characterization of the Ninth Circuit rule, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can *confidently* conclude that no reasonable ALJ, *when fully crediting the testimony*, could have

1   reached a different disability determination." Stout, 454 F.3d at 1056 (emphases added) (see also

2   Defendant's brief, ECF No. 18, p. 11).

3       Here, plaintiff submitted a statement from her sister, Ms. Kathy Glen (hereinafter "Ms.

4   Glen") (Tr. 683-89). ALJ Bauer failed to address the lay testimony by Ms. Glen. This failure was

5   legal error as the ALJ must expressly determine to disregard such testimony and gives reasons

6   germane to the specific witness for doing so.  Bruce, supra, 557 F.3d at 1115.

7

8       Ms. Glen testified under penalty of perjury that plaintiff "has a lot of trouble, sitting,

9   standing and laying, esp. trouble with her feet-major trouble with her feet" (Tr. 686, 689). Ms.

10  Glen indicated that plaintiff "gets headaches a lot" (Tr. 686). Ms. Glen further indicated that she

11  "would need 10 pages to complete" the section asking her to describe "any problems [plaintiff]

12  has in getting along with family members, friends, or the public," and indicated her opinion that

13  plaintiff was "quite judgmental, very opinionated, stub[born] and combative." (id. (all emphases

14  in originals)). She also opined that "[Plaintiff] cannot accept criticism and often confuses

15  instruction as criticism" (id.).

16

17      Based on a review of the relevant record, the Court cannot conclude with confidence

18  "that no reasonable ALJ, when fully crediting [Ms. Glen's] testimony, could have reached a

19  different disability determination." See Stout, 454 F.3d at 1056. Therefore, the legal error

20  committed by ALJ Bauer when he failed to address the lay testimony provided by Ms. Glen

21  cannot be considered harmless. See id.

22

23      2.   The ALJ failed to consider properly the medical expert opinion by Dr. Thomas

24          McKnight.

25      Following the initial request for review of this matter, Judge Strombom found that ALJ

26  Gibbons erred in his consideration of the 100% disability determination by the VA in September,

REPORT AND RECOMMENDATION - 6

1   1999 (Tr. 616-17). This error was not harmless, and required reversal and remand of this matter

2   (Tr. 617). Following remand, ALJ Bauer discussed the "determination of 100 percent disability

3   [which] was re-evaluated and affirmed in September of 1999," and "adopt[ed] the prior findings

4   with respect to the 1997 VA disability determination" (Tr. 606-07).

5          Although a determination by the VA regarding whether or not a claimant is disabled is

6   not binding on the Social Security Administration, an ALJ must consider that determination in

7   reaching a decision.  McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002); see also 20

8   C.F.R. § 404.1504.  Further, the ALJ "must ordinarily give *great* weight to a VA determination

9   of disability."  McCartey, supra, 298 F.3d at 1076 (citations omitted) (emphasis added).  This is

10  because of "the marked similarity" between the two federal disability programs. Id.

11         When the record is not adequate to allow for a proper evaluation of the VA disability

12  determination or to allow the ALJ to determine appropriately the weight to be given to the

13  disability determination by the VA, the ALJ has a "duty of inquiry". McLeod v. Astrue, 627 F.3d

14  1170, 1175 (9th Cir. 2010). In addition, according to the Ninth Circuit,

15
16         [D]espite the burden to show prejudice being on the party claiming error by the
           administrative agency, the reviewing court can determine from the
17         'circumstances of the case' that further administrative review is needed to
           determine whether there was prejudice from the error. Mere probability is not
18         enough. But where the circumstances of the case show a substantial likelihood
           of prejudice, remand is appropriate so that the agency 'can decide whether re-
19         consideration is necessary.'
20
21  Id. at 1177 (citations omitted).

22         Dr. Thomas McKnight (hereinafter "Dr. McKnight") testified at plaintiff's second

23  hearing regarding the 100% disability determination by the VA on the basis of plaintiff's

24  diagnosed PTSD (Tr. 867-78). He testified that "in order to provide any information about her

25  relatively current level of functioning we need a proper examination and we don't have that" (Tr.

26

REPORT AND RECOMMENDATION - 7

869). Defendant argues that because this opinion refers to plaintiff's "relatively current level of

functioning," and because plaintiff must demonstrate disability on or before December 31, 2001,

that this opinion of Dr. McKnight is "of no moment" (see Defendant's Brief, ECF No. 18, p. 11).

However, this opinion by Dr. McKnight was offered in response to the ALJ's query, in which the

ALJ specifically indicated that he was "talking [about a period of time] up to . . . .  December

31, 2001" (Tr. 867-68). Dr. McKnight also subsequently testified that to "establish that [plaintiff]

[had] PTSD," one would "have to give her the tests  . . . .  But that's not been addressed" (Tr.

877).

   The Court concludes that the testimony provided by medical expert Dr. McKnight

demonstrates that the record was not adequate to allow for a proper evaluation of the VA's 100%

disability determination, see McLeod, supra, 627 F.3d at 1175, or to allow ALJ Bauer to

determine appropriately the weight to be given to this disability determination by the VA, which

ordinarily "must" be given "great weight." See McCartey, supra, 298 F.3d at 1076. Therefore,

ALJ Bauer failed in his "duty of inquiry" regarding this 100% disability determination by the

VA and did not consider this evidence properly. See id. In addition, the Court can determine

from the circumstances of this particular case that "further administrative review is needed." See

id. at 1177.

   3.   Following remand of this matter, plaintiff should be allowed to testify.

   The Court already has concluded that ALJ Bauer failed to evaluate properly the lay

witness testimony, as well as the testimony provided by medical expert Dr. McKnight and the

100% disability determination by the VA. See supra, sections 1 and 2. Because of these errors,

and based on the Court's review of the relevant record, the Court concludes that the

Administrative Law Judge on remand (hereinafter "the ALJ") should evaluate the medical

1    evidence and other evidence *as a whole* and make original, independent findings regarding steps

2    two through five of the sequential disability evaluation process[2]. The Court also concludes that

3    because the ALJ must evaluate anew the evidence as a whole, the ALJ should hold a new hearing

4    and allow plaintiff to provide testimony relevant to the appropriate time period. Similarly,

5    because the ALJ on remand should evaluate the medical evidence and other evidence as a whole

6    and make original findings, the Court will not discuss plaintiff's remaining arguments (see

7    Opening Brief, ECF No. 17, p. 2).

8

9                                         CONCLUSION

10         Because the legal error committed by ALJ Bauer when he failed to address the lay

11   testimony provided by Ms. Glen cannot be considered harmless, and because ALJ Bauer did not

12   evaluate properly the 100% disability determination by the VA, nor the opinion provided by

13   medical expert Dr. McKnight, the Court recommends that this matter be REVERSED and

14   REMANDED.

15

16         Following remand of this matter, the ALJ should re-evaluate the lay testimony and the

17   medical evidence, and should incorporate this proper consideration into an independent

18   evaluation of the record *as a whole*. The ALJ should hold a new hearing and plaintiff should be

19   allowed to testify at this hearing and present evidence relevant to the appropriate period of time.

20   Because of the errors in the evaluation of the medical and other evidence, following remand, the

21   ALJ should begin the sequential disability determination *anew* at step two.

22

23         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

24   fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P.

25   6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

26

---

[2] See generally 20 C.F.R. §§ 416.920, 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (discussing the five-step sequential evaluation process).

REPORT AND RECOMMENDATION - 9

1   review by the district judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

2   imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 10**,** 2011,

3   as noted in the caption.

4          Dated this 18th day of May, 2011.

5

6

7          J. Richard Creatura

8          United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 10